

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

October 20, 2020

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Paguada v. Wholesale Interiors Inc.*
       Case No. 20-cv-05518 (VSB)

Dear Judge Broderick:

As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of the plaintiff's claims.

The Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin,* 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525 (1986)); *accord, Crosson v. Popsockets LLC,* No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), *adopted by* 2019 WL 6134153 (Nov. 19, 2019); *Riverkeeper, Inc. v. MLV Concrete Inc.,* No. 14-cv-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), *adopted by* 2017 WL 3172859 (July 25, 2017). S*ee also, Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y.

October 20, 2020
Page 2

Feb. 20, 2019) (DE16) (applying the above standard in a similar ADA action to approve a consent decree between private parties).

Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country.

Counsel for Defendant has resolved many very similar ADA website class actions in this Court and in the Eastern and Western Districts of New York in which Your Honor and other judges have approved virtually identical consent decrees. The prior matters in which Your Honor approved similar consent decrees were *Burbon v. Hometeam*, SDNY, 18-cv-4783 (VSB), December 27, 2018 (DE 20); *Mendez v. Madison York*, SDNY, 18-cv-4947 (VSB), January 2, 2019 (DE 15); *Bishop v. Korman Communities, Inc.*, SDNY, 18-cv-09204 (VSB), June 26, 2019 (DE 18); *Bishop v. Regal Marine Industries, Inc.*, SDNY, 19-cv-1323 (VSB), July 2, 2019 (DE 15); and *Monegro v. Rattler Holdings, LLC*, SDNY, 20-cv-6110 (VSB), September 30, 2020 (DE 10).

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above.

Thank you for your attention to this matter.

Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:     Counsel for Plaintiff (via ECF)